ABEL KNAPP *against* EZRA LOCKWOOD.

MOTION for a new trial.

This was an action of trover for a promissory note. The conversion was laid on the 21st of *June*, 1806; and the suit was brought in *November*, 1806.

The defendant pleaded *not guilty;* and on the trial, the defence was, that he took the note in question, with the rest of the plaintiff's property, as agent of the selectmen of the town of *Stamford*, by virtue of the statute authorizing the selectmen to take into their care and custody the persons and property of such as by idleness, mismanagement or bad husbandry, are likely to be reduced to want.  Tit. 88. c. 1.

The plaintiff attempted to meet this defence, by showing that the selectmen, in their proceedings, had not conformed to the provisions of the statute referred to; and that, therefore, they had no right to retain the plaintiff's property.

To give a just statement of the case, it will be re-

*The statute tit. 88. c. 1. authorizing the selectmen to take into their care and custody the persons and property of persons likely to be reduced to want, by idleness, mismanagement, or bad husbandry, must have a strict construction, and be strictly pursued. Therefore, where the selectmen, having taken the property of a person of that description, neglected to set up a certificate of their doings, and to make and lodge in the town-clerk's office an inventory of the property taken, pur-*

suant to the provisions of the 12th section, it was held, that they could not retain such property, and that the owner, after demand and refusal, was entitled to recover against them in trover.

June, 1808.   quisite to recite three or four sections of the statute,
Knapp        and then to state the proceedings of the selectmen
v.           under it.
Lockwood.

*Sect.* 8. provides, " That the selectmen for the time
being, in the several towns in this state, shall, from time
to time, diligently inspect into the affairs and manage-
ment of all persons in their town, whether household-
ers, or others; and if they shall find any person or
persons that are reduced, or are likely to be reduced
to want, by idleness, mismanagement, or bad husbandry,
that then such selectmen may appoint an overseer to
advise, direct and order such person in the manage-
ment of his business, for such time or times as they
shall think proper: a certificate of which appointment
the selectmen shall forthwith set upon the sign-post,
and lodge a copy thereof in the town clerk's office of
said town; and thereupon no such person, while under
such appointment, shall be able to make any bargain or
contract, without the consent of such overseer, that
shall be binding, or valid in law.

*Sect.* 9. " And if such measures do not prove sufficient
to reform such person, then the selectmen (or without
first appointing such overseer, if they judge it neces-
sary, or more proper) may, and they are hereby directed
to make application to the next assistant or justice of
the peace, and inform him thereof; which assistant or
justice is hereby directed and empowered, at the request
of the selectmen, to issue forth his warrant to the
sheriff, his deputy, or to either of the constables of that
town, commanding them to take the body of such per-
son, and bring him before the said authority, in order
that such person may be examined concerning his idle-
ness, mismanagement, and bad husbandry, and be dealt
with according to this act.

*Sect.* 10. " And in case such person, who shall be so informed against, shall abscond, so that he cannot be taken bodily, then the officer shall serve such warrant, by leaving a true and attested copy thereof at the usual, or last place of his abode; and thereupon, after the proceedings above directed be had, the selectmen, or the major part of them, if no sufficient reason be offered to the contrary, shall, by and with the advice of said assistant or justice, and they having such advice, are hereby authorized, and fully empowered to take such person and his family (if any he hath) into, and under their care; and such person and family to assign, bind, and dispose of in service, as they shall judge best.

*Sect.* 11. " And when the selectmen shall have thus taken into their care any such person, and disposed of him as aforesaid, or in case of his absconding as aforesaid, if informed and proceeded against as aforesaid, the selectmen for the time being are hereby authorized and fully empowered, by and with the advice of the said assistant or justice, to take into their hands and custody, all the lands, goods, chattels and credits of any such person, and the same to dispose of, improve and manage by themselves, or any under them, for the best good and advantage of such person, or his heirs.

*Sect.* 12. " And the selectmen shall make evident and certain their doings with, and on such estate as they shall take as aforesaid, by forthwith setting up a certificate thereof in writing, under the hands of said authority and selectmen, on the sign post, or some other public place in said town; and shall also lodge a copy thereof in the town clerk's office of said town; and also within ten days after the taking of such estate into their hands, make a true and perfect inventory of all and singular the goods, chattels and credits of such person, as shall come into their hands, with a just estimate of

June, 1808.

KNAPP
v.
LOCKWOOD.

the true value of every article thereof, by the appraisement of two indifferent freeholders, under oath; being thereunto appointed and sworn by said authority: which inventory so taken, shall be lodged in the town clerk's office of that town."

The proceedings produced in evidence by the defendant, were, 1. A complaint by the selectmen to *Ebenezer Davenport,* Esq. a justice of the peace; 2. A warrant to apprehend the plaintiff, and bring him before the justice, to answer to the complaint; 3. The judgment of the justice, finding the plaintiff guilty, and advising the selectmen to take him and his family under their care, and also to take into their hands and custody all his lands, goods, chattels and credits, to be by them disposed of, improved and managed, to the best good and advantage of the plaintiff, or his heirs, agreeably to the statute; 4. An appointment by the selectmen of the defendant as agent. This appointment was as follows: " Whereas the selectmen of the town of *Stamford,* with the advice of the civil authority of the same, have thought proper to take into their care the person and family of *Abel Knapp,* of said *Stamford,* together with the goods, chattels, lands, &c. belonging to said *Abel,* by virtue of the 9th section of a certain statute law of this state, entitled ' An act for relieving and ordering of idiots, impotent, distracted and idle persons:' We, the selectmen of said *Stamford,* have thought proper to appoint, and do hereby appoint *Ezra Lockwood* of said *Stamford,* agent, to take into his care said *Abel Knapp,* his family, and estate, to manage for the best good and advantage of said *Abel,* and his heirs. *Stamford, December,* 13th, 1804." [Signed.] This appointment was continued, by a writing in these words: " *Stamford, March* 19th, 1806. We the subscribers do continue the appointment of *Ezra Lockwood* as agent over *Abel Knapp,* and

to take charge of said *Abel*, his property and family." [Signed by the selectmen.]

The complaint, warrant, judgment and appointment, which have been stated, was all the evidence adduced by the defendant, in justification of his detention of the plaintiff's property. The presiding judge, in giving his charge to the jury, instructed them, that the court were of opinion, that it was not necessary, in order to justify the defendant in detaining the property, that the selectmen should have taken, assigned, bound or disposed of in service, the person of the plaintiff, or his family; nor that they should have set upon the sign post in *Stamford*, or some other public place in the town, a certificate of their doings in writing, under the hands of the authority and selectmen; nor that they should have lodged a copy of such certificate with the town clerk; nor that an inventory should have been taken; but that the only facts which the jury had to find, were, whether the selectmen had, in fact, taken the plaintiff's property into their possession, in pursuance of the proceedings which had been had, and given in evidence; and whether the defendant was their agent; and if so, they must find a verdict for the defendant. The jury found for the defendant accordingly; and the plaintiff moved for a new trial, on the ground of a misdirection; which motion was reserved for the opinion of the nine judges.

*Ingersoll* and *N. Smith*, in support of the motion.

1. It does not appear from the certificate of the selectmen, that they ever took the person, family or property of *Knapp* into their possession, as they only say, they *have thought proper* to take into their care, &c. To think proper to do a thing, is not doing it.

2. The reappointment of the agent in *March*, 1806, being more than one year from the time of the first appointment, and without any new application to the justice, was void.

3. It was necessary, before the selectmen took the property of *Knapp* into their custody, to assign him in service.

4. As the selectmen did not set up a certificate of their doings on the sign post in *Stamford*, nor in any other public place in that town, nor lodge a copy of such certificate with the town clerk, and leave, at his office, within ten days, an inventory of the property, they are accountable to the plaintiff for the property; and, of course, the defendant's authority under them fails.

*Gould*, contra.

1. The certificate of the selectmen is positive and explicit as to the fact, which it was introduced to establish, *viz.* the appointment of *Lockwood* as agent. It was not introduced to show that the selectmen took the person, family, and property of *Knapp*, into their care.

2. It is of no consequence, whether the reappointment of the agent in *March*, 1806, was more than a year after his first appointment, or not. It will not be denied, that the judgment of the justice may remain in force more than one year; and admitting, that the selectmen cannot appoint an agent for more than one year, yet the reappointment in question was within a year from the commencement of the suit.

3. It was not necessary that *Knapp* should have been literally assigned in service. The statute must have a liberal construction in favour of personal liberty. The

age, health and circumstances of the person proceeded against, are to be regarded.

4. As to the *notice* and *inventory*, it is to be observed, that they are not made *conditions*, on which the defendant's right depends. The statute directs the notice to be given for the information of third persons; and the inventory to be made only as evidence to ascertain the extent of the defendant's liability in accounting. Both the notice and inventory are to take place after the appointment of the agent, and after his right to take the property has accrued.

BY THE COURT, REEVE, EDMOND and GRISWOLD, Js. dissenting. The proceedings of the selectmen under the 9th section of the statute, were regular: And although they did not, under the 10th section, actually bind *Knapp*, or assign him in service, yet they had him before themselves, and the justice; and they disposed of him as they judged best, and most prudent; which was a virtual compliance with that part of the statute. They, thereupon, had a right to take possession of the estate. But as that statute is in derogation of common right, it must have a strict construction, and be strictly pursued. A right to take is one thing, and a right to retain, another. Although an officer, with a lawful writ of attachment, or execution, rightfully takes property, yet if he neglects to pursue the steps pointed out by law, his withholding is unlawful, and he becomes a trespasser.

The provisions of the 12th section of the statute are for the safety and security of the citizens; and the right of the selectmen to hold the property, depends entirely on a compliance with them. These provisions are, that the selectmen shall forthwith set up a certificate of their doings, in writing, under their hands, and that of

the authority, on the sign post, or some other public place in the town; and also lodge a copy thereof in the town clerk's office; and also, within ten days, make an inventory of the estate, with a just estimate of the value thereof, by appraisement of freeholders, under oath, and the same lodge in the town clerk's office.

New trial to be granted.